UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIGOBERTO RAZO,<br><br>    Plaintiff,<br><br>    v.<br><br>TARGET CORPORATION,<br><br>    Defendant. | Case No. 1:24-cv-00645-KES-CDB<br><br>ORDER DENYING WITHOUT PREJUDICE STIPULATED PROTECTIVE ORDER<br><br>(Doc. 7) |

On September 5, 2024, the parties filed a proposed stipulated protective order. (Doc. 7). As discussed in more detail below, the undersigned is authorized to enter protective orders (Local Rule 302(1)) provided they comply with Local Rule 141.1. The Court has reviewed the proposed stipulated protective order and concludes it does not comply with Local Rule 141.1. For the reasons set forth below, the Court DENIES without prejudice the parties' request to enter the proposed stipulated protective order.

The Court separately notes that the parties' proposed stipulated protective order was erroneously docketed by Defendant as "Motion for Protective Order." *See* Local Rule 141.1(b)(1). The parties are encouraged to refamiliarize themselves with the local rules of practice in this District and docket future filings in CM/ECF with the correct event description.

/ /

**The Stipulated Protective Order Fails to Comply with Local Rule 141.1(c)**

The proposed stipulated protective order does not comply with Local Rule 141.1. Pursuant to Rule 141.1(c), any proposed protective order submitted by the parties must contain the following provisions:

(1) A description of the types of information eligible for protection under the order, with the description provided in general terms sufficient to reveal the nature of the information (e.g., customer list, formula for soda, diary of a troubled child);

(2) A showing of particularized need for protection as to each category of information proposed to be covered by the order; and

(3) A showing as to why the need for protection should be addressed by a court order, as opposed to a private agreement between or among the parties.

Local Rule 141.1(c).

Here, the protective order fails to describe the types of information eligible for protection, aside from the order's introductory remark that refers in the most generalized of terms to such information. Nor does the protective order set forth any explanation as to what particularized need for protection is required. Nor does the protective order set forth why the need for protection should be addressed by a court order, as opposed to a private agreement between or among the parties.

Accordingly, IT IS HEREBY ORDERED that the parties' request for approval of the proposed stipulated protective order (Doc. 7) is DENIED without prejudice. The parties may re-file a revised stipulated protective order that complies with Local Rule 141.1(c) and remedies the deficiencies set forth in this order.

IT IS SO ORDERED.

Dated: __September 11, 2024__         _____
                                      UNITED STATES MAGISTRATE JUDGE